UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re: AEGIS ASSET TRUST
MANGEMENT, LLC,

Case No. 8:19-bk-8036-CPM

    Debtor.

_____

AEGIS ASSET TRUST, et al.,

    Appellants,

v.                                            Case No: 8:23-cv-2473-KKM

RICHARD M. DAUVAL, et al.,

    Appellees.

_____

## ORDER

At some point, finality trumps other concerns in a lawsuit. In the bankruptcy case below, the bankruptcy court approved a stipulation and settlement agreement resolving an adversary proceeding and ordered the sale of sixty-eight properties originally belonging to the appellants. A year and a half later, the appellants filed a flurry of challenges in the main bankruptcy case and two adversary proceedings claiming that the stipulation and settlement agreement were unauthorized, fraudulent, and void. After three hearings, the bankruptcy court rejected those challenges. Because the bankruptcy court did not err in concluding that

the appellants failed to satisfy the conditions for relief under Federal Rule of Civil Procedure 60, I affirm.

## I. BACKGROUND

### A. Sixty-Eight Properties Are Returned to the Aegis Asset Trust Bankruptcy Estate by Stipulation and Sold to the Appellees

This consolidated appeal[1] arises from the Chapter 7 bankruptcy of Aegis Asset Management, LLC, a real-estate investment firm. (Doc. 12-7) at 1; *see* (Doc. 12-10) ¶ 3.[2] The appellants are various entities affiliated with Monier Rahall that obtained real property allegedly transferred from the debtor around the filing of the petition. (Doc. 9-53); (Doc. 9-99) ¶ 1. Appellees are the Chapter 7 trustee and various entities associated with Jamie Rand that purchased those real properties from the estate after the trustee avoided the transfers. Appellees' Br. (Doc. 45) at 4–6; (Doc. 12-45) at 2–3.

Only a narrow portion of the bankruptcy proceeding related to the avoidance of those transfers is at issue. After the Aegis bankruptcy was converted from Chapter 11 to Chapter 7 in mid-October 2019, (Doc. 12-9), the Chapter 7 trustee initiated an adversary

---

[1] In addition to this case, this order resolves the appeals in cases 8:23-cv-2515-KKM, 8:23-cv-2516-KKM, 8:24-cv-178-KKM, 8:24-cv-247-KKM, and 8:24-cv-249-KKM.

[2] This consolidated appeal has three records, one for each case number in the bankruptcy court below. Citations to (Doc. 12-XX) refer to the record filed in case 8:23-cv-2516-KKM, which is the record from the main bankruptcy case, 8:19-bk-8036-CPM. Citations to (Doc. 9-XX) refer to the record filed in case 8:23-cv-2473-KKM, which is the record from what the parties call the "fraudulent-transfer adversary," 8:20-ap-73-CPM. Finally, citations to (Doc. 10-XX) refer to the record filed in case 8:23-cv-2515-KKM, which is the record from what the parties call the "independent-action adversary," 8:22-ap-265-CPM.

proceeding seeking to avoid and recover transfers of the debtor's property under 11 U.S.C. §§ 548–50. (Doc. 9-9.) The parties call this the "fraudulent-transfer adversary." *See, e.g.*, Appellee's Br. at 8. The trustee ultimately filed a Third Amended Complaint in July 2020 in that proceeding seeking avoidance of transfers to the appellants here. (Doc. 9-53.)

The heart of the parties' dispute is events resolving that proceeding in February and March 2021. On February 25, 2021, the trustee's attorney docketed a "Stipulation for Final Judgment Determining Properties as Property of the Bankruptcy Estate" in the fraudulent-transfer adversary. (Doc. 9-95.) That document stipulated to the entry of final judgment determining that the bankruptcy estate owned the sixty-eight properties claimed by the appellants. *Id.* at 1. The trustee's attorney signed the stipulation on behalf of the trustee and "attest[ed] that concurrence in the filing of this paper has been obtained." *Id.* The electronic signature of an attorney for some of the appellants was also affixed. *Id.* at 2. The trustee served the stipulation on all the appellants via CM/ECF. *See id.*; *see also* (Doc. 9-8) at 1–8. That same day, the trustee moved in the bankruptcy case for an order approving that stipulation and permitting the trustee to sell to Jamie Rand the sixty-eight properties declared part of the bankruptcy estate by the stipulation. (Doc. 12-45) at 1. The trustee served that motion on the appellants by U.S. mail. *Id.* at 8, 36–47. Attached to that motion was a settlement agreement between the trustee and appellants providing for the terms of that sale and the entry of the stipulation in the fraudulent-transfer adversary. *Id.* at 9–14.

3

The Chapter 7 trustee had signed the attached agreement, *id.* at 15, but the signatures pages for all the appellants were blank, *id.* at 16–18.

On March 5, 2021, the bankruptcy court entered an order approving the stipulation. (Doc. 9-96.) The trustee filed the appellants' signature pages for the settlement agreement in a separate document four days later. (Doc. 12-47.) Two weeks after that, on March 24, the bankruptcy court entered a final judgment declaring that the sixty-eight properties at issue in the fraudulent-transfer adversary were the bankruptcy estate's property and might be sold by the trustee under 11 U.S.C. § 363. (Doc. 9-97) at 1–2. That judgment was served on all the appellants by U.S. mail. (Doc. 9-98) at 1–5. Five days later, the bankruptcy court entered an order in the bankruptcy case approving the compromise between the trustee and the appellants and authorizing the sale of the sixty-eight properties to the appellees. (Doc. 12-49) at 1–10. Again, that order was served on all the appellants. (Doc. 12-50) at 1–5. The only objection to the order approving the properties' sale was by a condominium association—not any of the appellants. (Doc. 12-49) at 2. None of the appellants filed motions challenging any of these actions under Federal Rule of Civil Procedure 59(e) or 60(b) at the time, and none of the now-appellants appealed. *See generally* (Doc. 12-6); (Doc. 9-8).

### B. The Appellants Challenge the Transfer Over a Year and a Half Later

Nineteen months passed. Then, on November 9, 2022, Monier Rahall filed motions seeking to set aside the bankruptcy court's orders entering judgment in the fraudulent-transfer adversary and approving the sale of the sixty-eight properties. (Doc. 12-91); (Doc. 12-94). Since then, Rahall and the appellants have filed numerous papers in both the bankruptcy case and the fraudulent-transfer adversary advancing essentially the same theory—that the stipulation, settlement agreement, and signature pages that the Chapter 7 trustee's attorney filed were fraudulent, that the appellants never agreed to the trustee's sale of the properties to Rand, and that the orders approving the stipulation and sale should be set aside under Federal Rule of Civil Procedure 60. *See, e.g.*, (Doc. 12-133); (Doc. 12-160); (Doc. 12-191); (Doc. 9-102); (Doc. 9-117); (Doc. 9-140).

The appellants also initiated a new adversary proceeding—what the parties call the "independent-action adversary," *see* Appellees' Br. at 18—seeking in part essentially the same relief as they had on motion in the bankruptcy case and the fraudulent-transfer adversary. *See* (Doc. 10-35.) Namely, Count I of the appellants' Second Amended Adversary Complaint asked the bankruptcy court to set aside the orders approving the stipulation and sale based on Federal Rule of Civil Procedure 60(b)(4), (b)(6), (d)(1), and (d)(3). (Doc. 10-35) ¶¶ 164–177. The appellants' final operative motions in the bankruptcy

case and the fraudulent-transfer adversary likewise asked the bankruptcy court to vacate those orders, for the same reasons. *See* (Docs. 9-140; 12-191).

The bankruptcy court declined to do so. After holding three hearings addressing the appellants' contentions, *see* (Docs. 12-216, 12-268, 12-329), that court concluded that the appellants had not satisfied the conditions for relief under any provision of Rule 60, (Doc. 12-329) at 8–21. It entered "mirror image" orders styled as judgments on the pleadings disposing of appellants' claims in the bankruptcy case, the fraudulent-transfer adversary, and the independent-action adversary. (Docs. 9-3; 10-3; 12-3); *see* (Doc. 12-329) at 22 ("[W]e have mirror-image motions and my ruling is meant to be mirror image as well.").

The appellants challenge all three orders. (Docs. 9-2; 10-2; 12-2). They also challenge three orders by the bankruptcy court addressing the content of the record on appeal. *See Rahall v. Rand*, No. 8:24-cv-178-KKM (Doc. 1); *Rahall v. Rand*, No. 8:24-cv-247-KKM (Doc. 1); *ACM Trust v. INXS VII, LLC*, No. 8:24-cv-249-KKM (Doc. 1). These appeals are ripe for resolution.

## II.   LEGAL STANDARD

A district court serves in an appellate role when reviewing a bankruptcy court's decisions. *See Williams v. EMC Mortg. Corp.*, 216 F.3d 1295, 1296 (11th Cir. 2000). Except for Rule 60(b)(4), a reviewing court ordinarily reviews the disposition of a Rule 60(b) motion for abuse of discretion. *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir.

2001). Orders denying relief under Rule 60(d)(3) are likewise reviewed for abuse of discretion. *Henry v. City of Mount Dora*, No. 21-14120, 2022 WL 4282253, at *2 (11th Cir. Sept. 16, 2022) (per curiam); *cf. Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007) (motions under Rule 60(b)(3) reviewed for abuse of discretion). Because Rule 60(b)(4)'s availability turns on whether the underlying judgment is void—a legal question—orders under that rule are reviewed de novo. *Burke*, 216 F.3d at 1263.

But because the bankruptcy court described its ruling as a judgment on the pleadings, my review is de novo here. That review is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law, drawing all inferences "in the light most favorable to the nonmoving party." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).

## III. ANALYSIS

The appellants challenge the bankruptcy court's orders under Federal Rules of Civil Procedure 60(b)(4), 60(b)(6), 60(d)(1), and 60(d)(3). None of their arguments that the bankruptcy court erred are persuasive. I thus affirm the bankruptcy court's orders.

### A. The Appellants Do Not Show that the Bankruptcy Court's Orders Were Void, So Relief is Not Available Under Rule 60(b)(4)

Civil Rule 60(b)(4)[3] provides that a "court may relieve a party" from an order at any time if "the judgment is void." "A void judgment is a legal nullity." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). A judgment is not void simply because it is wrong. *Id.* Rather, a judgment is void only if it "is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271; *see Bainbridge v. Governor of Fla.*, 75 F.4th 1326, 1335 (11th Cir. 2023) ("A judgment is 'void' under Rule 60(b)(4) if it was rendered without jurisdiction of the subject matter or the parties or in a manner inconsistent with due process of law." (quoting *Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001) (per curiam))).

Neither the bankruptcy court's order approving the parties' stipulation nor its order approving the sixty-eight properties' sale is void. The essence of the appellants' argument is that, because the stipulation resolving the fraudulent-transfer adversary was allegedly fraudulent, all actions that the bankruptcy court took premised on that document— including approving the stipulation and the motion to sell the sixty-eight properties—are

---

[3] The Federal Rules of Bankruptcy Procedure incorporate Federal Rule of Civil Procedure 60 for bankruptcy cases, subject to exceptions inapplicable here. *See* FED. R. BANKR. P. 9024(a).

void.[4] *See, e.g.*, Appellants' Br. (Doc. 42) at 60 ("A void stipulation and approving of void stipulation cannot be the basis for a final judgment based on the void stipulation and void approval."). Yet the appellants do not explain why any infirmity in the stipulation renders the judgment void. A judgment erroneously enforcing a void agreement (or purported agreement) is not itself void unless there was some defect in the court's jurisdiction or a violation of due process. *See Bartch v. Barch*, 111 F.4th 1043, 1054 (10th Cir. 2024) (holding that a judgment upon a contract was not void for purposes of Rule 60(b)(4) even though the underlying contract was illegal); *Blue Citi, LLC v. 5Barz Int'l Inc.*, 338 F. Supp. 3d 326, 333 (S.D.N.Y. 2018) (same), *aff'd*, 802 F. App'x 28 (2d Cir. 2020). Any possible problem with the stipulation or settlement agreement goes to whether the bankruptcy court's orders were *correct*, not whether it had the authority to enter them. *See Espinosa*, 559 U.S. at 270 (" 'A judgment is not void,' for example, 'simply because it is or may have been erroneous.' " (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995))).

And nothing suggests that any of the bankruptcy court's acts were without authority or violated due process. The appellants baldly assert that the bankruptcy court's order approving the parties' stipulation, (Doc. 9-96), was void because "[t]here was no due process or hearing and no legitimate [s]tipulation to approve." Appellants' Br. at 59 (emphasis

---

[4] The appellees exhaustively address why the bankruptcy court's judgment was not void, explaining why it had subject-matter jurisdiction and personal jurisdiction and why its orders did not violate due process. *See* Appellees' Br. at 49–63. Yet for brevity's sake, I address only the form of the voidness argument that the appellants' opening brief preserved.

omitted). Yet the appellants received notice of every relevant act by the bankruptcy court and could have challenged them at the time. *See* (Doc 9-95) at 2 (notice of filing of stipulation); (Doc. 12-45) at 8, 36–47 (notice of motion for order approving stipulation); (Doc. 9-98) at 1–5 (notice of judgment declaring that the sixty-eight properties were the property of the bankruptcy estate); (Doc. 12-50) at 1–5 (notice of order approving sale).[5] And the appellants do not plead otherwise in their complaint in the independent-action adversary. *See generally* (Doc. 10-35). Nothing suggests that there was a "due process [violation] that deprive[d] [the appellants] of notice or the opportunity to be heard" such that the judgments are void. *Espinosa*, 559 U.S. at 271.

Finally, the appellants repeatedly suggest that the bankruptcy court needed to hold an evidentiary hearing to determine whether their attorneys ever consented to the stipulation's filing, among other issues about how the stipulation and settlement agreement were enforced. *See, e.g.*, Appellants' Br. at 7, 13–14, 25, 35, 44. An evidentiary hearing was not necessary. As explained above, the judgment is not void even if the trustee's attorney lacked authority to enter the stipulation or file the settlement agreement, so an evidentiary

---

[5] The appellants make what facially appears to be a notice argument with respect to the hearing on approval of the settlement agreement on March 22, 2021. *See* Appellants' Br. at 64–69 (citing FED. R. BANKR. P. 2002(a)(3), 9019(b)). Yet on closer examination, this is another form of the appellants' voidness argument. *See id.* at 66 ("The 02/25/21 *Motion for Order Approving Compromise, et al*, Ex.A, was not executed, so there is literally nothing that could take place on 03/22/21 at 1:30 p.m. to approve an unexecuted Settlement Agreement, Ex. A, because there was no Settlement Agreement, Ex. A, entered into or executed and they (the 21 Defendants in *Adv. 00073*) had executed no *Stipulation for Final Judgment* in *Adv. 00073*." (emphasis original) (citation omitted)). It does not show that the appellants were denied notice.

hearing inquiring into the extent of his authority or related matters would have been superfluous.

The bankruptcy court did not err in denying relief under Rule 60(b)(4).

### B. The Appellants' Rule 60(b)(6) Claims Are Barred Because They Overlap with Relief Available Under Other Sections of Rule 60(b)

Civil Rule 60(b)(6) allows a court to set aside a judgment at any time for "any other reason that justifies relief." "Rule 60(b)(6) is an extraordinary remedy, but it is within the district court's discretion to grant it in order to do justice." *Ritter v. Smith*, 811 F.2d 1398, 1400 (11th Cir. 1987). Relief under Rule 60(b)(6) is exclusive of relief available under the rest of Rule 60(b)—a party may not seek relief under it if it could have sought relief under one of the other rules. *Kemp v. United States,* 596 U.S. 528, 533 (2022); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

The appellants fail to make out any arguments not cognizable under the rest of Rule 60(b). Broadly, they say that the bankruptcy court's orders are wrong, void, and premised on fraud. *See, e.g.*, Appellants' Br. at 50–51. Yet a court's errors are properly challenged under Rule 60(b)(1). *See Kemp*, 596 U.S. at 534 ("The ordinary meaning of the term 'mistake' in Rule 60(b)(1) includes a judge's legal errors."). Fraud may be remedied under Rule 60(b)(3).[6] *See Cox Nuclear Pharmacy*, 478 F.3d at 1314. And—as already discussed—

---

[6] Both Rule 60(b)(1) and (b)(3) are unavailable to the appellants because Rule 60's time limit bars their claims under those sections. *See* FED. R. CIV. P. 60(c)(1) ("A motion under Rule 60(b) must be made within

a judgment may be set aside as void under Rule 60(b)(4). More, appellants fail to cite to Rule 60(b)(6) at all in their briefing and do not explain why extraordinary relief is justified.

The bankruptcy court thus did not err in denying relief under Rule 60(b)(6).

### C. Because the Appellants Slept on Their Rights, Relief is Not Available Under Rule 60(d)(1)

Civil Rule 60(d)(1) "preserves a court's historical equity power to 'entertain an independent action to relieve a party from a judgment, order, or proceeding.'" *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1359 (11th Cir. 2014) (quoting FED. R. CIV. P. 60(d)(1)). A party seeking the relief preserved by this provision must satisfy five elements:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any remedy at law.

*Id.* (quoting *Travelers Indem. Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985) (per curiam)). As already discussed, the appellants had notice of the bankruptcy court's purportedly erroneous acts and failed to challenge them. They thus cannot satisfy the fourth element—absence of fault or negligence—and may not avail themselves of relief under Rule 60(d)(1). *See Booker v. Dugger*, 825 F.2d 281, 284–85 (11th Cir. 1987) ("Where

---

a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

complainant's own negligence or oversight, however innocent, contributed to the original judgment, an independent action for relief is not proper unless the evidence which would establish injustice is 'practically conclusive.' " (quoting *Johnson Waste Materials v. Marshall*, 611 F.2d 593, 595 (5th Cir. 1980))); *In re Apex Int'l Mgmt. Servs., Inc.*, 215 B.R. 245, 250 (Bankr. M.D. Fla. 1997) (concluding that an independent action to set aside a judgment was unavailable because the movant "had ample opportunity to challenge" an order premised on a fraudulent settlement agreement yet failed to do so).

### D. The Appellants Have Not Shown Fraud on the Court, So Relief Under Rule 60(d)(3) is Unavailable

Civil Rule 60(d)(3) provides that a court retains its inherent power to "set aside a judgment for fraud on the court." A movant seeking relief under Rule 60(d)(3) must establish fraud by clear and convincing evidence. *Mills v. Comm'r, Ala. Dep't of Corr.*, 102 F.4th 1235, 1240 (11th Cir.) ("The movant must establish that the alleged fraud is 'highly probable.' " (quoting *Bishop v. Warden, GDCP*, 726 F.3d 1243, 1258 (11th Cir. 2013))), *cert. denied sub nom. Mills v. Hamm*, 144 S. Ct. 2600 (2024). And fraud on the court encompasses only the most egregious conduct. It "involves a 'direct assault on the integrity of the judicial process' " and " 'embrace[s] only that species of fraud' that officers of the court 'perpetrate[]' against 'the judicial machinery' and that 'defile[s] the court itself.' " *Id.* (first quoting 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE,

FEDERAL PRACTICE & PROCEDURE § 2870 (3d ed. Apr. 2023 update); then quoting *Gore*, 761 F.2d at 1551).

The appellants have not plausibly alleged a fraud upon the court. This case is similar to *Mills*, in which the Eleventh Circuit held that no reasonable jurist could conclude that a district court had abused its discretion by denying relief under Rule 60(d)(3) when the movant alleged that an attorney knowingly witnessed another attorney and a witness repeatedly perjuring themselves "yet said nothing." 102 F.4th at 1240. So too here, the appellants allege that the Chapter 7 trustee's attorney filed multiple fraudulent documents, yet they themselves had notice of these documents—which allegedly deprived them of $17 million in real estate, *see* Appellants' Br. at 55—and said nothing. This is not the "clear and convincing evidence" required to show fraud on the court. *Booker*, 825 F.2d at 283.

The appellants are not entitled to relief under Rule 60(d)(3).

### E. The Appellants Do Not Support Their Appeals of the Bankruptcy Court's Orders Defining the Record, So Those Challenges Fail

The appellants also docketed notices of appeal challenging the bankruptcy court's Order Denying Reconsideration of Order Striking in Part Appellants' Amended Designation of Record on Appeal in each underlying matter. *See Rahall v. Rand*, No. 8:24-cv-178-KKM (Doc. 1); *Rahall v. Rand*, No. 8:24-cv-247-KKM (Doc. 1); *ACM Trust v. INXS VII, LLC*, No. 8:24-cv-249-KKM (Doc. 1). Yet the appellants present no arguments in their briefing directed to these orders. *See generally* Appellants' Br.; Reply Br. (Doc. 50).

"Typically, issues not raised in the initial brief on appeal are deemed abandoned." *United States v. Campbell*, 26 F.4th 860, 871 (11th Cir.) (en banc), *cert. denied*, 143 S. Ct. 95 (2022). In the absence of any argument as to why these orders were in error, I affirm them.

## IV. CONCLUSION

Accordingly, the bankruptcy court's order in each of these consolidated appeals is **AFFIRMED**. The clerk is directed to **ENTER JUDGMENT** in each consolidated case, which shall read: "The order of the bankruptcy court is affirmed," **TERMINATE** any pending deadlines, and **CLOSE** each case.

Additionally, it is **ORDERED** that the appellants' Request for Oral Argument (Doc. 51) is **DENIED AS MOOT.**

**ORDERED** in Tampa, Florida, on January 3, 2025.

Kathryn Kimball Mizelle
United States District Judge